THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DANZEL L. STEARNS, On Behalf of Himself**
**and All Others Similarly Situated**                                                                 **PLAINTIFF**

v.                                  Case No. 3:19-cv-00100-KGB

**INMATE SERVICES CORPORATION,** *et al.*                                              **DEFENDANTS**

## ORDER

Before the Court is the motion for leave to file first amended complaint filed by plaintiff Danzel L. Stearns, on behalf of himself and all others similarly situated (Dkt. No. 15), and the motion to consolidate docket number filed by defendants Inmate Services Corporation, Randy L. Cagle, Jr., Christopher L. Weiss, and Ryan B. Moore (collectively, "defendants") (Dkt. No. 24). For the following reasons, the Court grants both motions.

**I.     Motion To Consolidate Cases**

In the motion to consolidate docket number, defendants represent that "[t]here are currently two docket numbers pending for this same suit: (1) 3:19-cv-100 (KB) and (2) 3:19-cv-00121 (DPM)." (*Id.*, ¶ 2). Defendants contend that "[e]ither Rule 42 or Rule 1 supports the consolidation of the two case docket numbers," and represent that "Plaintiff will not object to the request for consolidation." (*Id.*, ¶¶ 4, 5). For good cause shown, the Court grants the motion. Therefore, *Stearns v. Inmate Services Corporation*, No. 3:19-CV-00121-KGB, is consolidated with and into this case, and all parties are directed to making filings only in this case going forward.

**II.    Motion For Leave To File First Amended Complaint**

Mr. Stearns filed a motion for leave to file an amended complaint and attached his proposed amended complaint thereto (Dkt. No. 15). That same day, Inmate Services Corporation, Mr.

Cagle, and Mr. Moore filed a response in opposition to the motion (Dkt. No. 16), to which Mr. Weiss joined (Dkt. No. 19).

The Federal Rules of Civil Procedure favor amendment.  Rule 15(a)(2) provides that leave to amend a pleading shall be freely given when justice so requires.  *See* Fed. R. Civ. P. 15(a)(2). Although this is a lenient standard, there is no absolute right to amend a pleading.  *See Deutsche Fin. Servs. Corp. v. BCS Ins. Co.*, 299 F.3d 692, 700 (8th Cir. 2002); *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994).

The decision whether to allow a plaintiff to amend his complaint is left to the sound discretion of the district court, and the court of appeals will reverse the district court only if the court abused its discretion.  *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).  However, the Eighth Circuit has held that a court abuses its discretion when it denies leave to amend without "compelling reasons" for doing so, *Alternate Fuels, Inc. v. Cabanas*, 538 F.3d 969, 974 (8th Cir. 2008), such as "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment," *Doe v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005) (quoting *Becker*, 191 F.3d at 908).  Delay alone is insufficient justification for denying leave to amend; rather, the delay must have resulted in prejudice to the non-movant.  *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981).

Mr. Stearns moves to amend his complaint to add LeVar Derron Lee and Bernard Edwards as named plaintiffs in this action.  Mr. Stearns represents that Mr. Lee and Mr. Edwards were previously members of the class that was defined in the original state-court complaint (Dkt. No.

15, at 1).  Defendants oppose Mr. Stearns's motion for leave to amend, asserting that "[n]either Cagle, Weiss, nor Moore, the individual Defendants, were agents on a transport of proposed Plaintiffs Bernard Edwards or Levar Derron Lee," which the Court construes as a futility argument (Dkt. No. 16, ¶ 2).  Defendants also assert that "Plaintiff has only alleged the residence, not the citizenship, of the Plaintiff," which the Court construes as a challenge to the Court's subject-matter jurisdiction over this case.  (*Id.*, ¶ 3).

Mr. Stearns's motion was timely filed, and Mr. Stearns has provided a satisfactory explanation for moving to amend at this time.  While, as noted above, denial of leave to amend may be justified by futility of the amendment, defendants' bare assertion that individual defendants were not agents on a transport of Mr. Edwards or Mr. Lee does not lead the Court to believe that the amendment would be futile.  *See Becker*, 191 F.3d at 908 ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous.").  With respect to defendants' subject-matter jurisdiction challenge, Inmate Services' notice of removal alleges that "Inmate Services is an Arkansas corporation, with a principal place of business in Arkansas and deemed to be a citizen of Arkansas for diversity purposes," and that "Plaintiff Danzel Stearns was a citizen of Mississippi at the time the Complaint was filed."  (Dkt. No. 1, ¶¶ 8, 9 (citation omitted)).  The notice of removal further alleges that "[t]here is diversity of citizenship between Inmate Services and at least one class member, whether named or not."  (*Id.*, ¶ 7 (citation omitted).

This case was removed under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1454, 1711–1715, which requires only minimal diversity, which is satisfied if any proposed class member and any defendant are citizens of different states.  *See* 28 U.S.C. § 1332(d). The allegations of Inmate Services' notice of removal establish minimum diversity under CAFA.

*Cf. Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) ("[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." (alteration, citation, and internal quotation marks omitted)).  Additionally, the Court presently has no cause to doubt that the other requirements for CAFA jurisdiction are also satisfied.

Accordingly, the Court grants Mr. Stearns's motion for leave to file a first amended complaint.  The Court directs Mr. Stearns to file his first amended complaint within 14 days from the entry of this Order.

### III.    Conclusion

For the foregoing reasons, the Court grants defendants' motion to consolidate docket number (Dkt. No. 24) and consolidates *Stearns v. Inmate Services Corporation*, No. 3:19-CV-00121-KGB, with and into this case.  All parties are directed to making filings only in this case going forward.  The Court also grants Mr. Stearns's motion for leave to file first amended complaint (Dkt. No. 15).  The Court directs Mr. Stearns to file his first amended complaint within 14 days from the entry of this Order.

It is so ordered this 31st day of May, 2020.

_____
Kristine G. Baker
United States District Judge