IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DANZEL L. STEARNS,**
on behalf of himself and all similarly situated persons                                          **PLAINTIFF**

v.                             Case No. 3:19-cv-00100-KGB (Lead)
                               Case No. 3:19-cv-00121-KGB

**INMATE SERVICES CORPORATION**, *et al.*                                           **DEFENDANTS**

## SUPPLEMENTAL PROTECTIVE ORDER

This Supplemental Protective Order is filed by agreement of the parties and with the express consent of counsel for all parties hereto.

1.      On December 29, 2017, United States Magistrate Judge Joe. J. Volpe entered a Protective Order in *Danzel Stearns v. Inmate Services Corporation*, Case Number 3:16-cv-00339-BRW-JJV.

2.      On July 21, 2020, that matter and the present matter were consolidated for discovery purposes only (Dkt. No. 30).

3.      The parties desire to apply the Protective Order as supplemented for purposes of the consideration and approval of the proposed class settlement.

4.      On March 7, 2018, Judge Volpe held a telephonic hearing, during which he granted in part and denied in part a motion to compel (Dkt. No. 39).

5.      One of the issues concerned the disclosure of the identities of the proposed class members. Except in limited instances, defendants have not been required to disclose the names, dates of birth, last known addresses, last known contact information, and other identifying

1

information of the proposed class members who were not on the same trip as plaintiff Danzel L. Stearns.

6. The pending motion for approval of settlement class contemplates that such information will be disclosed and will be available to both the Claims Administrator, as well as counsel for plaintiff (Dkt. No. 57).

7. Defendants wish to limit the disclosure to the items necessary for purposes of accomplishing the settlement.

8. In the event that final approval is not granted, then the situation should return to the *status quo ante* to the extent possible.

9. The parties have prepared a Joint Supplement to the Protective Order and ask the Court's approval of it.

10. Information to be disclosed includes the quote of the trip number, complete name, quote date, locations at which individuals were picked up and the place to which individuals were delivered, birth date, and the last 4 digits of the Social Security number for purposes of accomplishing the settlement herein.

11. Furthermore, defendants may disclose to the Claims Administrator and to plaintiff's counsel the inmate transport information as necessary to address claims and to determine the length of trips of any potential class members making claims for the purpose of verification of those claims and classification in their proposed settlement subclasses.

12. This information may not be used for any other purpose.

13. That should the Court not grant final approval of the settlement, then the Claims Administrator is hereby ordered to maintain the confidentiality of such information and to disclose it only to or with the permission of counsel for separate defendant Inmate Services Corporation. In such event, plaintiff and plaintiff's counsel are specifically prevented from seeking such information, either formally or informally, from the Claims Administrator.

14. In the event that the settlement is disapproved at either the preliminary or the final stage: (a) plaintiff's counsel shall provide all copies of any information provided pursuant to the effectuation of the settlement to counsel for separate defendant Inmate Services Corporation within ten (10) days; and (b) copies of all claims forms submitted or any information derived from those documents shall be returned to the Claims Administrator. Plaintiff's counsel shall delete all information received concerning claims made. Certification of the action chosen shall be provided within thirty (30) days. During that time, plaintiff's counsel may not use such information for any purpose.

15. Nothing in this Order prevents a potential class member from initiating contact with plaintiff or any of his attorneys. Nothing in this Order prevents plaintiff's counsel from their work to effectuate and gain final approval of the settlement. However, plaintiff's counsel may not use any information gained through the settlement process to solicit or contact any potential class member in the event final approval is not granted.

16. This Order shall remain in full force and effect and shall survive the conclusion of this matter, other than by the proposed settlement contemplated herein.

So ordered this 31st day of March, 2023.

_____
Kristine G. Baker
United States District Judge

**APPROVED AND AGREED:**

 /s/ Mark E. Merin
Mark E. Merin
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814

Paul J. James
JAMES, CARTER & PRIEBE, LLP
500 Broadway, Suite 400
Little Rock, Arkansas 72203
    *Attorney for Plaintiff*


 /s/ Mark Mayfield
Mark Mayfield
WOMACK PHELPS
  PURYEAR MAYFIELD & McNEIL, P.A.
P.O. Box 3077
Jonesboro, AR 72403
    *Attorneys for Defendant Inmate Services Corporation*