IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DANZEL L. STEARNS,
on behalf of himself and all similarly situated persons                              PLAINTIFF

v.            Case No. 3:19-cv-00100-KGB (Lead)
              Case No. 3:19-cv-00121-KGB

INMATE SERVICES CORPORATION, *et al.*                                               DEFENDANTS

## ORDER

Pending before the Court is the notice of motion; motion, supported by defendants, for preliminary approval of settlement class filed by plaintiff Danzel L. Stearns on behalf of himself and all similarly situated persons (the "Motion") (Dkt. No. 57). This Court conducted a hearing on the Motion (Dkt. Nos. 69; 71). After that hearing, the Court entered an Order directing the parties to file with the Court status reports following up on matters addressed at the hearing, if necessary (Dkt. No. 72). Status reports have now been filed[1] (Dkt. Nos. 73–75; 77–78).

The Court in this Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Settlement Agreement"), and all capitalized terms used, but not defined herein, shall have the same meaning attributed to them in the Agreement (Dkt. No. 57-1). Consistent with the terms of this Order, the Court grants the Motion and further makes the following specific findings and orders:

---

[1] In Mr. Stearns's status report, he informs the Court that Case No. 3:19-cv-00100-KGB and Case No. 3:19-cv-00121-KGB "are actually the same case" (Dkt. No. 74, ¶ 2), and these cases have been consolidated with filings being made in the lead case with the lower case number, which is Case No. 3:19-cv-00100-KGB. Further, Mr. Stearns confirms that Case No. 3:16-cv-00339-BRW, which was consolidated with the cases pending on this Court's docket for discovery purposes only, "has been settled but the finality of that settlement has been made contingent upon the final approval of the class settlement in this case." (*Id.*, ¶ 3).

1. This Court has jurisdiction over the subject matter of this action and over all parties to the action, including all members of the proposed Settlement Class, and venue in this Court is proper.

2. The Court finds that the Settlement Agreement is within the range of reasonableness to justify publishing notice of the proposed settlement and scheduling a Final Approval Hearing (Dkt. No. 57-1). Specifically, the Court finds that: (1) the Settlement Agreement was the product of informed and non-collusive negotiations; (2) the Settlement Agreement has no obvious deficiencies; and (3) the Settlement Agreement falls within the range of possible approval.

3. The Court directs, as a part of its Order ruling on the Motion, that the Notice Of Proposed Settlement Of Class Action ("Class Notice") (Dkt. No. 57-2) and Class Action Claim Form ("Claim Form") (Dkt. No. 57-4) be amended in the following manner:

(a) For the reasons explained at the hearing on the Motion and in Mr. Stearns's Status Report, the first full paragraph of the Class Notice shall be amended to state:

THIS CASE WAS BROUGHT BY DANZEL STEARNS ON BEHALF OF ALL PERSONS WHO WERE TRANSPORTED UNDER CONDITIONS CONSTITUTING CRUEL AND UNUSUAL PUNISHMENT that is, while fully retrained for more than 24 continuous hours without an opportunity to lie down to sleep at night without restraints.

(b) For the reasons explained at the hearing on the Motion and in Mr. Stearns's status report, the first full paragraph of the Claim Form shall be amended to state:

CLAIM FOR COMPENSATION FOR SUFFERING UNDER CONDITIONS CONSTITUTING CRUEL AND UNUSUAL PUNISHMENT DURING TRANSPORTATION ON INMATE SERVICES CORPORATION VEHICLE, DURING THE PERIOD FROM FEBRUARY 11, 2016, TO DATE, FOR MORE THAN TWENTY-FOUR (24) CONTINUOUS HOURS, WHILE FULLY RESTRAINED, AND WITHOUT BEING RELEASED FROM RESTRAINTS AND PERMITTED TO SLEEP, OVERNIGHT, WHILE LYING DOWN.

The Class Notice should also be amended to include the specific date and time of the Final Approval Hearing, as set forth below. With these amendments, the Class Notice and Claim Form are, in all respects, fair, reasonable, adequate, and in compliance with all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and constitute due and sufficient notice to all persons entitled thereto.

4. The Court finds, subject to the Final Approval Hearing, that the proposed Settlement Class is appropriate for class certification for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, the proposed Settlement Class satisfies the requirements of Rule 23(a), including: (a) numerosity; (b) commonality; (c) typicality; and (d) adequacy of representation.

5. The Court provisionally certifies the Action to proceed as a class action for settlement purposes only, pursuant to Rule 23(e), with the Settlement Class defined as follows: all persons who were transported by INMATE SERVICES CORPORATION on or between February 11, 2016, to the date of this Order, fully restrained, continuously, for a period of twenty-four (24) hours or more without being released from restraints and permitted to sleep overnight lying down.

6. The Court approves the Class Notice and Claim Form, as modified by the terms of this Order, and further approves the method by which Class Notice proposed in the Settlement Agreement is to be published.

7. The Court approves the procedure set forth in the Settlement Agreement and in the Class Notice, with which Settlement Class Members must comply in order validly to object to the Settlement or to exclude themselves from the Settlement.

8. Any Settlement Class Member who does not elect to be excluded from the Settlement by submitting a Request For Exclusion From Class ("Opt-Out") Form (hereinafter,

"Request To Be Excluded) by the Objection/Exclusion Deadline may, but need not, submit objections to the proposed Settlement by filing and serving an Objection to the Settlement by the Objection/Exclusion Deadline.

9. Any Settlement Class Member who did not elect to be excluded from the Settlement by submitting a Request To Be Excluded by the Objection/Exclusion Deadline may, but need not, enter an appearance in this Action through his or her own attorney. Settlement Class Members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

10. The Court hereby appoints Plaintiff as the Representative Plaintiff of the Class for settlement purposes only, subject to Final Approval.

11. The Court hereby appoints Plaintiff's Counsel to serve as Class Counsel for settlement purposes only, subject to Final Approval.

12. A Final Approval Hearing is scheduled to be held before this Court on Friday, June 16, 2023, at 1:00 p.m. Central Daylight Time, at the Richard Sheppard Arnold United States Courthouse, Courtroom 4D, 500 West Capitol Avenue, Little Rock, Arkansas, 72201 before United States District Judge Kristine G. Baker, to consider the fairness, reasonableness, and adequacy of the proposed Settlement; the dismissal with prejudice of the Action against Defendants; and the entry of an Order dismissing the Defendants in the class action. Class Counsel's application for an award of attorneys' fees and costs shall be heard at the time of the Final Approval Hearing.

13. The date, time, and location of the Final Approval Hearing shall be set forth in the Class Notice, but the Final Approval Hearing shall be subject to continuation by the Court, including in the event the Court elects to decide the motion for Final Approval without a hearing,

without further specific notice to the Class but with notice that the Court may issue pursuant to its regular procedures.

14. Only Settlement Class Members who have filed and served timely Objections shall be entitled to be heard at the Final Approval Hearing, absent good cause shown as determined by the Court. Any Settlement Class Member who does not timely file and serve an Objection to the Settlement shall be deemed to have waived any such Objection by appeal, collateral attack, or otherwise, absent good cause shown as determined by the Court.

15. All Settlement Class Members who do not seek to be excluded from the Settlement by submitting a Request To Be Excluded by the Objection/Exclusion Deadline are enjoined from proceeding against the Defendants, as to the claims asserted in the Action, absent good cause shown as determined by the Court.

16. Notwithstanding anything herein to the contrary, the Court reserves the decision on Final Approval of the Settlement pending the Final Approval Hearing, including but not limited to consideration of any Objections to the Settlement and any Request To Be Excluded, and also reserves decision on the final Fee and Expense Award.

17. This Action, which shall include Case No. 3:19-cv-00100-KGB and Case No. 3:19-cv-00121-KGB, is hereby stayed pending Final Approval, except for any activities set forth in the Settlement Agreement.

18. In the event the Settlement is not finally and fully approved through entry of the Order of Dismissal of the Action which becomes final as of the Effective Date, and/or if the Settlement is not otherwise fully and finally consummated, pursuant to the terms of the Settlement Agreement, this Order granting Preliminary Approval of the Settlement Agreement shall be deemed void *ab initio*; the Parties shall be deemed to have reserved all of their respective rights,

legal positions, and arguments as of the day before entry of this Order granting Preliminary Approval; and the Parties may continue with any litigation, mediation, or settlement that they choose.

It is so ordered this 31st day of March, 2023.

*Kristine G. Baker*
_____
Kristine G. Baker
United States District Judge