*handwritten: 4/ 11/8 recent*

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

DANZEL L. STEARNS,
on behalf of himself and all similarly situated persons,                    **PLAINTIFFS**

vs.                                    3:19-cv-00100-KGB     (Lead)
                                       3:19-cv-00121-KGB

INMATE SERVICES CORPORATION; RANDY L. CAGLE JR.;
CHRISTOPHER L. WEISS; RYAN B. MOORE; and DOE 1 to 100          **DEFENDANTS**

## **CLASS ACTION SETTLEMENT AGREEMENT**

### I.     **INTRODUCTION**

Plaintiff, DANZEL L. STEARNS, on behalf of himself and a class of similarly situated persons  transported by Defendant INMATE SERVICES CORPORATION on or after February 11, 2016, who were required to remain in Defendants INMATE SERVICES CORPORATION and/or RANDY L. CAGLE, JR's transport vehicles for more than 24 continuous hours, by and through their respective counsel, stipulate to settle the above-captioned action as follows:

### II.     **DEFINITIONS**

1.     "ACTION" shall mean the action entitled DANZEL L. STEARNS, on behalf of himself and all similarly situated persons, vs. INMATE SERVICES CORPORATION; RANDY L. CAGLE, JR; CHRISTOPHER L WEISS; RYAN B. MOORE; and DOE 1 TO 100. Case No. 3:19-cv-00100-KGB (lead), 3:19-cv-00121-KGB, pending before the United States District Court for the Eastern District of Arkansas, Northern Division.

2.     "COMPLAINT" shall mean the Second Amended Class Action Complaint for violation of Arkansas State Law asserting claims of Negligence, Outrage and the Arkansas Civil Rights Act, filed on January 21, 2021, in the ACTION.

3.     "COURT" shall mean the United States District Court for the Eastern District of Arkansas, Northern Division.

1

4.    "PLAINTIFF" shall mean DANZEL L. STEARNS, the named plaintiff in the ACTION and the "CLASS REPRESENTATIVE" or 'REPRESENTATIVE PLAINTIFF" for purposes of the SETTLEMENT.

5.    Defendant "INMATE SERVICES CORPORATION" shall refer to the Corporation which owned, operated, or both owned and operated, the vehicles on which PLAINTIFF and members of the proposed class were transported during the CLASS PERIOD. It includes the Corporation's agents, employees, directors, officers, insurers, successors, and assigns.

6.    Defendant RANDY L. CAGLE JR. is, and at all material times herein was, the owner/operator of Defendant INMATE SERVICES CORPORATION.

7.    Defendant CHRISTOPHER L. WEISS is, and at certain material times herein was, an agent or employee of Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR., acting within the scope of that agency or employment.

8.    Defendant RYAN B. MOORE was, at certain material times herein, an agent or employee of Defendants INMATE SERVICES CORPORATION and RANDY L. CAGLE JR., acting within the scope of that agency or employment.

9.    "DOE 1 to 100" shall mean unidentified officers and agents of defendant INMATE SERVICES CORPORATION whose identities are unknown and who were sued fictitiously.

10.    "DEFENDANTS" shall mean all of the named defendants, inclusively.

11.    "PARTIES" shall mean PLAINTIFF, the CLASS, and DEFENDANTS.

12.    "PLAINTIFFS' COUNSEL" shall mean Mark E. Merin and Paul H. Masuhara of the Law Office of Mark E. Merin, Paul J. James of the law office of James & Carter , PLC (fka James, Carter & Priebe, PLC); W. Craig Bashein and John P. Hurst of the law firm Bashein & Bashein Co., L.P.A.; John J. Spellacy of the law firm, John J. Spellacy & Associates  Co. (aka John J. Spellacy Co., L.P.A.).; and Paul W. Flowers, and Louis E. Grube of the law firm Paul W. Flowers Co, L.P.A.

2

13.     "CLASS COUNSEL" shall be the same as PLAINTIFF'S' COUNSEL upon PRELIMINARY APPROVAL.

14.     "AGREEMENT" shall refer to this document and all materials incorporated by reference herein, and shall include the Attachments hereto. Each such Attachment is incorporated into this document by reference as though fully set forth herein.

15.     "SETTLEMENT" shall mean the terms and conditions set forth in this AGREEMENT.

16.     "SETTLEMENT CLASS MEMBERS" shall mean all persons transported in the custody of INMATE SERVICES CORPORATION on or after February 11, 2016, whose ENTIRE TRIP, or any LEG of an ENTIRE TRIP exceeded 24 continuous hours. SETTLEMENT CLASS MEMBERS include the real party in interest holding a claim in place of a person transported. SETTLEMENT CLASS MEMBERS exclude any person who has filed or concluded a suit, any person whose suit was dismissed without prejudice, or settled a claim, concerning transport by Inmate Services Corporation during the CLASS PERIOD.

17.     "PRELIMINARY APPROVAL" shall mean that the COURT has entered an order substantially in the form of Attachment 1, preliminarily approving the terms and conditions of this AGREEMENT, including the manner of providing CLASS NOTICE to the SETTLEMENT CLASS MEMBERS.

18.     "CLASS PERIOD" shall mean February 11, 2016 through and including the date of PRELIMINARY APPROVAL.

19.     "CLASS NOTICE" shall mean the Court-approved form of published notice to the SETTLEMENT CLASS MEMBERS substantially in the form of Attachment 2 hereto, which will notify the SETTLEMENT CLASS MEMBERS of the conditional certification of the SETTLEMENT CLASS, PRELIMINARY APPROVAL of the SETTLEMENT, the procedures for objecting to the SETTLEMENT, the process by which they may submit a CLAIM FORM for a portion of the Settlement funds and for objecting to and/or requesting exclusion from the SETTLEMENT, and the scheduling of the FINAL APPROVAL HEARING.

3

20.     "CLAIM FORM" shall mean the claim form in substantially the form of Attachment 3 that will be made available to requesting SETTLEMENT CLASS MEMBERS which they shall use if they wish to seek a portion of the settlement funds.

21.     "OBJECTION/EXCLUSION DEADLINE" shall mean the date sixty (60) calendar days after the date on which the CLASS NOTICE is first published in specified media by which time SETTLEMENT CLASS MEMBERS must exclude themselves from the SETTLEMENT by filing a timely REQUEST TO BE EXCLUDED in accordance with the requirements set forth in this AGREEMENT and the CLASS NOTICE, or object to the SETTLEMENT by filing and serving a timely OBJECTION in accordance with the requirements set forth in this AGREEMENT and the CLASS NOTICE.

22.     "CLAIM DEADLINE" shall mean the date sixty (60) calendar days after the date on which CLASS NOTICE is first published in approved media, by which time SETTLEMENT CLASS MEMBERS must submit a completed CLAIM FORM to be eligible for a SETTLEMENT AWARD.

23.     "FINAL APPROVAL HEARING" shall mean a hearing set by the COURT at the PRELIMINARY APPROVAL HEARING, held before the COURT to consider FINAL APPROVAL of the SETTLEMENT, the FEE AND EXPENSE AWARD, and the merits of any objections to this AGREEMENT and the SETTLEMENT set forth therein.

24.     "FINAL APPROVAL" shall mean that ORDER OF DISMISSAL of the ACTION against DEFENDANTS, with prejudice, has been entered, and the COURT has made its final order awarding attorneys' fees and expenses.

25.     "ORDER OF DISMISSAL" shall mean an order issued by the COURT, approving this AGREEMENT as binding upon the PARTIES, and dismissing the ACTION with prejudice.

26.     "EFFECTIVE DATE" shall mean the later of: (i) the deadline for filing an appeal of the ORDER OF DISMISSAL, or (ii) the date on which any appeal or request for appellate review of the ORDER OF DISMISSAL has finally concluded in favor of the SETTLEMENT.

4

27.     "SETTLEMENT FUND" shall mean: The total of Six Hundred Twenty-Five Thousand Dollars ($625,000.00) delivered to the Law Office of Mark E. Merin by or on behalf of DEFENDANTS by check made payable to Law Office of Mark E. Merin, Client Trust Account, which represents the total of funds available to pay approved CLAIMS of SETTLEMENT CLASS MEMBERS and the FEE AND EXPENSE AWARD approved and ordered by the Court, and the cost, if any, by which the CLAIMS ADMINISTRATOR's fee exceeds Fifty Thousand Dollars ($50,000.)

28.     "CLAIMS ADMINISTRATOR" shall mean: That organization retained to publish NOTICE of the SETTLEMENT of the class action, to establish a web site on which settlement information, notices, and claim form information will be provided, to furnish and receive claim forms and to determine, from inspection of materials provided by INMATE SERVICES CORPORATION, whether persons returning CLAIM FORMS are entitled to participate in the SETTLEMENT FUND and to prepare and distribute checks to approved SETTLEMENT CLASS MEMBERS.

29.     "FEE AND EXPENSE AWARD" shall mean that sum approved and ordered paid by the Court as and for attorneys' fees and costs, pursuant to an application for such award timely made by CLASS COUNSEL to be scheduled for hearing at the FINAL APPROVAL HEARING.

30.     "SETTLEMENT AWARD" shall mean the amount that each SETTLEMENT CLASS MEMBER is entitled to receive from the SETTLEMENT FUND.

31.     "REQUEST TO BE EXCLUDED" shall mean a written request by a SETTLEMENT CLASS MEMBER submitted to CLASS COUNSEL on or before the OBJECTION/EXCLUSION DEADLINE, stating that the SETTLEMENT CLASS MEMBER wishes to be excluded from the SETTLEMENT in which case such an individual will not be bound by the SETTLEMENT.

32.    "OBJECTION" shall mean a written objection filed with the COURT and served on counsel for the respective PARTIES by a SETTLEMENT CLASS MEMBER on or before the OBJECTION/EXCLUSION DEADLINE, objecting to the SETTLEMENT.

33.    "RELEASED CLAIMS" shall mean all known and unknown claims, demands, damages, rights, liabilities, actions, and causes of action that were or might have been asserted against DEFENDANTS (whether in tort, contract, pursuant to a statute, or otherwise) for violation of any state or federal law, common law, whether for economic damages, non-economic damages, injunctive relief, declaratory relief, restitution, penalties, punitive damages, interest, attorneys' fees and costs, or other monies arising out of, relating to, or in connection with the transport, during the CLAIMS PERIOD, of any SETTLEMENT CLASS MEMBER by INMATE SERVICES CORPORATION. "RELEASED CLAIMS" shall include any appeals of any ruling.  "RELEASED CLAIMS" shall not include any claims for breach of this AGREEMENT.

34.    "CONTINUING JURISDICTION" shall mean the COURT'S continuing jurisdiction after the EFFECTIVE DATE to adjudicate any claims for breach of this AGREEMENT.  The COURT shall have CONTINUING JURISDICTION to take any additional or further actions, or issue any orders, concerning the PARTIES and/or this AGREEMENT.

35.    "ENTIRE TRIP" shall mean such time from the beginning of custody under authority granted to INMATE SERVICES CORPORATION until the end of such custody.

36.    "LEG" shall mean that portion of the ENTIRE TRIP from either the beginning of the transport until an overnight stop or the end of an overnight stop until the end of the transport.

### III.    RECITALS

37.    PLAINTIFF was picked up as a pre-trial detainee at the El Paso County Jail in Colorado Springs, Colorado, on September 17, 2016, by INMATE SERVICES CORPORATION and placed in one of the company's transport vehicles for return to Union County Jail in New Albany, Mississippi where he arrived on September 24, 2016.

38.     PLAINTIFF was fully restrained in restraints which consisted of shackles around his ankles and handcuffs on his wrists that were both attached to belly chains around his waist during the trip.

39.     Discovery was initiated and statements were taken from other SETTLEMENT CLASS MEMBERS and INMATE SERVICES CORPORATION; and PLAINTIFF contends that records maintained and produced by INMATE SERVICES CORPORATION established that thousands of other prisoners and pre-trial detainees have been transported in vans for periods of time during the CLASS PERIOD.

40.     PLAINTIFF initiated this litigation on behalf of himself and others similarly situated by filing of a class action complaint in the Circuit Court of Crittenden County, Arkansas, on February 11, 2019, from which the ACTION was removed to the United States District Court for the Eastern District of Arkansas, Northern Division.  PLAINTIFF moved for class certification on August 16, 2021, and that motion remains pending.

41.     DEFENDANTS deny all of the claims, contentions, and each and every allegation made by PLAINTIFF on behalf of himself and on behalf of the putative class, in the COMPLAINT in this ACTION. In the event that this SETTLEMENT does not obtain final court approval, nothing herein shall be deemed a waiver of DEFENDANTS' objections and defenses, including to class certification, relating to or arising from the allegations set forth in the COMPLAINT. Nothing in this AGREEMENT, the documents referenced in this AGREEMENT, nor any action taken to carry out this AGREEMENT is, or may be construed as, or may be used as, an admission, concession or indication by or against DEFENDANTS of any fault, wrongdoing or liability whatsoever.

42.     The PARTIES have conducted significant investigation and analysis of the facts and law both before and after the ACTION was filed. PLAINTIFF has received substantial information from DEFENDANTS, and the opportunity to examine documents produced by DEFENDANTS.

43.    PLAINTIFF has considered the expense and length of continued proceedings necessary to continue the ACTION against DEFENDANTS through trial and any possible appeals, and to demonstrate that certification of the proposed class would be appropriate and that the putative class is ascertainable. It is PLAINTIFF'S position that he would prevail in the ACTION and successfully certify the putative class identified in the COMPLAINT. Nevertheless, PLAINTIFF has also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation, including those involved in seeking class certification. PLAINTIFF is also aware of the burdens of proof necessary to establish liability for the claims asserted in the ACTION, DEFENDANTS' defenses thereto, and the difficulties in establishing the amount and fact of damages for specific members of the CLASS.

44.    Based on the foregoing and on the advice of PLAINTIFF'S COUNSEL, PLAINTIFF has determined that the SETTLEMENT set forth in this AGREEMENT is fair, adequate, and reasonable, and is in the best interests of the CLASS.

45.    DEFENDANTS have concluded that further litigation would be protracted and expensive and that settlement is desirable. It is DEFENDANTS' position that they would prevail in the ACTION and/or defeat class certification under Rule 23 of the Federal Rules of Civil Procedure. DEFENDANTS nevertheless deem it desirable and beneficial that the ACTION be settled in a manner and upon the terms and conditions set forth in this AGREEMENT.

46.    The PARTIES believe that the most economical, efficient, and just way to resolve any disputes related to claims asserted in the ACTION would be to stipulate to a class action settlement that provides a means for compensating persons who were transported on a vehicle owned and or operated by INMATE SERVICES CORPORATION during the CLASS PERIOD for a duration of twenty-four (24) hours or more and who file CLAIMS which are approved for payment.

8

## IV.   SETTLEMENT AGREEMENT

47.    The PARTIES stipulate that the COURT may certify this ACTION to proceed as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only, provided, however, that should any of the following occur, the AGREEMENT shall be null and void:

(A)    The COURT does not enter any order specified herein, including the PRELIMINARY APPROVAL ORDER;

(B)    More than five percent (5%) of the SETTLEMENT CLASS MEMBERS REQUEST TO BE EXCLUDED;

(C)    The COURT does not finally approve the SETTLEMENT as provided herein, any decision of the COURT is appealed and such appeal results in a denial or approval of the SETTLEMENT; and/or

(D)    The COURT does not enter the ORDER OF DISMISSAL, which becomes final as a result of the occurrence of the EFFECTIVE DATE.

(E)    PLAINTIFF  fails to complete the separate settlement of his claims under Federal Law in the matter styled *Stearns v. Inmate Services Corp., et al.*, U.S.D.C., E. D. Ark. No. 3:19-cv-0339 BRW-JJV.

48.    PLAINTIFFS' COUNSEL shall be deemed "CLASS COUNSEL" following PRELIMINARY APPROVAL, and will fairly and adequately protect the interests of the SETTLEMENT CLASS.

49.    The SETTLEMENT CLASS MEMBERS will be notified, through publication of the CLASS NOTICE how they may obtain and submit a CLAIM FORM. All SETTLEMENT CLASS MEMBERS who submit timely and approved CLAIMS will receive compensation pursuant to this SETTLEMENT AGREEMENT if the SETTLEMENT is finally approved, unless that SETTLEMENT CLASS MEMBER opts out in a timely fashion. Membership in the SETTLEMENT CLASS will be determined exclusively by reference to the business records maintained by INMATE SERVICES CORPORATION.

50.     NCIC and SCOTTSDALE, on behalf of INMATE SERVICES CORPORATION, will pay, in amounts allocated between them, the total sum of Six Hundred Twenty-Five Thousand Dollars ($625,000.00) to establish the SETTLEMENT FUND to pay SETTLEMENT CLASS MEMBERS' timely approved CLAIMS and the FEE AND EXPENSE AWARD and, in addition, will pay, within thirty (30) days of receiving an invoice, up to Fifty Thousand and 00/100 Dollars ($50,000) for the costs of the CLAIMS ADMINISTRATOR, with any charges in addition thereto to come from the SETTLEMENT FUND.

51.     Payments to SETTLEMENT CLASS MEMBERS will be as follows:

(A) Persons transported for 24 hours or more, but less than or equal to 48 hours will receive $250

(B) Persons transported for more than 48 hours but less than or equal to 72 hours will receive $450

(C) Persons transported for more than 72 hours but less than or equal to 96 hours will receive $900

(D) Persons transported for more than 96 hours but less than or equal to 120 hours will receive $1,400

(E) Persons transported for more than 120 hours but less than or equal to 144 hours will receive $2,500

(F) Persons transported for more than 144 hours will receive $4,000.

52.     However, if the total value of claims received by the CLAIM DEADLINE exceeds the amount in the SETTLEMENT FUND available to pay such claims ($625,000 minus approved attorneys' fees and costs and any amount in excess of Fifty Thousand Dollars ($50,000) charged by the CLAIMS ADMINISTRATOR), the payment to each claimant will be reduced proportionally. If the total value of the claims submitted is less than the amount available to pay such claims, the payouts will be increased proportionally until the entire fund is paid out to SETTLEMENT CLASS MEMBERS.

53.     DEFENDANTS shall be credited the sum of $4,000 as payment of PLAINTIFF"S claim; such credit shall not reduce the total payment to the SETTLEMENT FUND.

## V.     **PRELIMINARY APPROVAL**

54.     PLAINTIFFS' COUNSEL shall move for PRELIMINARY APPROVAL of the SETTLEMENT conditionally certifying the CLASS for settlement purposes only, approving the CLASS NOTICE and the CLAIM FORM, and approving the method of disseminating notice of the SETTLEMENT to the SETTLEMENT CLASS MEMBERS and setting a date for the FINAL APPROVAL HEARING. DEFENDANTS shall not oppose that motion. In conjunction with such motion, the PARTIES will submit this AGREEMENT, together with the Attachments hereto, and any other documents necessary to implement the SETTLEMENT.

## VI.     **CLAIMS PROCESS**

55.     INMATE SERVICES CORPORATION, within ten (10) days of the Court's PRELIMINARY APPROVAL of this SETTLEMENT will provide to CLASS COUNSEL a list containing the quote of the trip number, complete names, quote date, locations which they were picked up and the place to which they were delivered and to the CLAIMS ADMINISTRATOR a list containing the quote of the quote trip number, complete names, quote dates, birth dates, last 4 digits of the social security number, and locations which they were picked up and the place to which they were delivered of all "persons" transported by INMATE SERVICES CORPORATION,  during the CLASS PERIOD  during a LEG of the ENTIRE TRIP or the ENTIRE TRIP as the case may be. The list shall be provided pursuant to a Protective Order entered and agreed to by the parties, which will require that (a) in the event that the settlement is disapproved at either the preliminary or final stage, (b) that the information provided by Inmate Services Corporation shall be returned to it within ten (10) days and that no copies of such information shall be kept; and (c) that copies of all claim forms submitted or any information derived from those documents shall be returned to the CLAIMS ADMINISTRATORS and  that Plaintiff's counsel delete all information received concerning claims made.  The Parties agree that neither party shall have access to those claim records in the event that a settlement is

11

disapproved at either stage, except in the instance of a subsequent settlement on a class or individual basis. It is understood that DEFENDANTS maintain the objections to the information and list, but is waiving it in the limited setting just for settlement approval. The lists shall be in Excel file format, or similar format for efficient and effective use and processing by the CLAIMS ADMINISTRATOR.

56.     The CLAIMS ADMINISTRATOR will compare the claim form with the data. Discrepancies, incomplete information, or both concerning identification, the beginning point of the trip, the ending point of the trip, or other information provided will be determined by the CLAIMS ADMINISTRATOR, in its sole discretion.

57.     Within seven (7) days of receiving the list set forth in Paragraph 58, , the CLAIMS ADMINISTRATOR will publish a copy of the NOTICE in the <u>Prison Legal News,</u> a national publication targeting jail and prison inmates, and such other media with a national audience in which such notices are customarily published. The CLAIMS ADMINISTRATOR will establish a web page on which the relevant settlement documents are displayed and which explains how CLAIM FORMS can be obtained. The CLAIMS ADMINISTRATOR will supply CLAIM FORMS to persons who request them and will receive the submitted CLAIM FORMS.

58.     Within Fifteen (15) days of the conclusion of the CLAIM PERIOD, the CLAIMS ADMINISTRATOR will determine whether persons submitting CLAIM FORMS are SETTLEMENT CLASS MEMBERS and the level of compensation to which each claimant is entitled. This determination will be based solely on the information provided by the claimant and by INMATE SERVICES CORPORATION.

59.     If the total value of the approved claims exceeds the amount available in the SETTLEMENT FUND, the payments will be proportionally reduced. If the total value of the approved claims is less than the amount available in the SETTLEMENT FUND, the amounts to be paid to the SETTLEMENT CLASS MEMBERS will be proportionally increased so that the entire balance of the SETTLEMENT FUND will be disbursed to the SETTLEMENT CLASS MEMBERS.

60.     Within twenty (20) calendar days after the EFFECTIVE DATE of the settlement, if the Court finally approves the settlement at the FINAL APPROVAL HEARING, the CLAIMS ADMINISTRATOR will mail settlement checks to the SETTLEMENT CLASS MEMBERS.

## VII.     EXCLUSION FROM THE SETTLEMENT

61.     Any SETTLEMENT CLASS MEMBER who wishes to be excluded from the SETTLEMENT must file a REQUEST TO BE EXCLUDED from the SETTLEMENT with CLASS COUNSEL. To be effective, the REQUEST TO BE EXCLUDED must be received by CLASS COUNSEL, or post-marked, by the OBJECTION/EXCLUSION DEADLINE. REPRESENTATIVE PLAINTIFF shall not request exclusion from the SETTLEMENT.

62.     Any SETTLEMENT CLASS MEMBER who does not timely file a REQUEST TO BE EXCLUDED shall be deemed to have agreed to be bound by the SETTLEMENT, regardless of whether any such SETTLEMENT CLASS MEMBER files a CLAIM FORM, is awarded a SETTLEMENT AWARD, or is actually aware of the settlement.

63.     Any SETTLEMENT CLASS MEMBER who does not elect to be excluded from the SETTLEMENT may, but need not, enter an appearance through his or her own attorney, but must do so by filing a notice of appearance with the COURT by the OBJECTION/EXCLUSION DEADLINE. SETTLEMENT CLASS MEMBERS who do not enter an appearance will be represented by CLASS COUNSEL.

## VIII.     OBJECTION TO THE SETTLEMENT

64.     Any SETTLEMENT CLASS MEMBER, and any person purporting to act on behalf of any SETTLEMENT CLASS MEMBER, who wishes to object to the SETTLEMENT must file an OBJECTION with the COURT, and serve a copy of such OBJECTION on each PARTY'S respective counsel. To be effective, the OBJECTION must be filed with the COURT and served on counsel for the respective PARTIES as set forth below, by the OBJECTION/EXCLUSION DEADLINE. REPRESENTATIVE PLAINTIFF shall not object to the SETTLEMENT.

13

65.     The OBJECTION shall contain the following: (a) the SETTLEMENT CLASS MEMBER'S full name, address and phone number; (b) all grounds for the OBJECTION, (c) a list of all persons the SETTLEMENT CLASS MEMBER proposes to call to testify in support of the OBJECTION; (d) a statement of whether the SETTLEMENT CLASS MEMBER intends to appear at the FINAL APPROVAL HEARING either individually or through counsel; (e) a list of other cases in which the SETTLEMENT CLASS MEMBER, or his or her counsel, have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (f) the SETTLEMENT CLASS MEMBER'S signature, even if he or she is represented by counsel, as well as copies of any papers, briefs or other documents upon which the OBJECTION is based. The OBJECTION and all supporting briefs or other materials must be filed with the COURT and mailed, via First Class U.S. mail, to counsel for the PARTIES, and postmarked no later than the OBJECTION/EXCLUSION DEADLINE.

66.     No SETTLEMENT CLASS MEMBERS or person purporting to act on behalf of any SETTLEMENT CLASS MEMBER shall be entitled to be heard at the FINAL APPROVAL HEARING (whether individually or through counsel), or to object to the SETTLEMENT in any other way, and no written objections or briefs submitted by any SETTLEMENT CLASS MEMBER or person purporting to act on behalf of any SETTLEMENT CLASS MEMBER shall be received or considered by the COURT at the FINAL APPROVAL HEARING, unless the SETTLEMENT CLASS MEMBER'S written statement of objections and supporting materials have been timely filed and served as set forth in this AGREEMNT and in the COURT'S PRELIMINARY APPROVAL ORDER. SETTLEMENT CLASS MEMBERS who fail to file and serve timely written objections in the manner specified in this AGREEMENT shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the SETTLEMENT.

## IX.     FINAL APPROVAL

67.     A FINAL APPROVAL HEARING shall be noticed for a date set by the COURT at the PRELIMINARY APPROVAL HEARING, but within approximately ninety (90) days

following PRELIMINARY APPROVAL, to allow for the publication of the NOTICE of
SETTLEMENT, the provision of CLAIM FORMS, the expiration of the
OBJECTION/EXCLUSION DEADLINE, and expiration of the CLAIM DEADLINE. At least
fifteen (15) court days before the FINAL APPROVAL HEARING, CLASS COUNSEL shall
file, with their motion in support of FINAL APPROVAL, proof of publication of the notice of
settlement in the form of a declaration by CLASS COUNSEL attesting to such notice.

68.     After, and assuming FINAL APPROVAL of the SETTLEMENT and of this
AGREEMENT, the PARTIES shall obtain entry of an ORDER OF DISMISSAL. The PARTIES
agree to the COURT'S CONTINUING JURISDICTION as set forth in this AGREEMENT.

## X.     SETTLEMENT FUND

69.     Within ten (10) business days of the EFFECTIVE DATE, NCIC and
SCOTTSDALE will deliver the respective check of each totaling the amount of Six Hundred
Twenty-Five Thousand Dollars ($625,000), made payable to Law Office of Mark E. Merin,
Client Trust Account, to the Law Office of Mark E. Merin, 1010 F Street, Suite 300, Sacramento,
CA 95814.  Within ten (10) days of receipt of the check(s) on behalf of DEFENDANT'S,
CLASS COUNSEL shall transfer to the CLAIMS ADMINISTRATOR, by wire transfer, the
balance in the SETTLEMENT FUND after deducting court-awarded attorneys' fees and costs
from the Six Hundred Twenty-Five Thousand Dollars ($625,000) paid by, or on behalf of,
INMATE SERVICES CORPORATION.  Thereafter, within ten (10) days, the CLAIMS
ADMINISTRATOR will mail settlement checks to CLASS MEMBERS.

70.     RELEASE OF ALL CLAIMS.

71.     As of the EFFECTIVE DATE, REPRESENTATIVE PLAINTIFF and all
SETTLEMENT CLASS MEMBERS fully release DEFENDANTS, from the RELEASED
CLAIMS, and fully release and forever discharge DEFENDANTS, from any and all injuries,
demands, losses, damages, costs, loss of service, expenses, compensations, claims, suits, actions,
causes of action, attorneys' fees, obligations, or liabilities of any nature, type or description
related in any way to the RELEASED CLAIMS. Notwithstanding anything to the contrary, the

15

PARTIES agree to the COURT'S CONTINUING JURISDICTION only as set forth in this AGREEMENT.

72. This AGREEMENT is subject to, and conditioned upon, FINAL APPROVAL. Such FINAL APPROVAL shall be effective upon the COURT'S entry of the ORDER OF DISMISSAL, which, inter alia, will:

      a.    Dismiss with prejudice the COMPLAINT in this action against all DEFENDANTS;

      b.    Order that all SETTLEMENT CLASS MEMBERS are enjoined from asserting against any DEFENDANT all claims which any SETTLEMENT CLASS MEMBER has, had, or may have in the future relating to or arising out of the RELEASED CLAIMS;

      c.    Determine that this AGREEMENT is entered into in good faith, is reasonable, fair, adequate, and in the best interest of the CLASS;

      d.    Reserve the COURT'S CONTINUING JURISDICTION.

## XI.    ADDITIONAL MATTERS

73. **Non-opposition to Class Counsel's Application for Attorneys' Fees and Costs.** DEFENDANTS will not object to CLASS COUNSEL'S application for FEE AND EXPENSE AWARD to come from the SETTLEMENT FUND.

74. **The AGREEMENT and Attachments**. This AGREEMENT includes the terms set forth herein and contained in Attachments 1 through 3, which are incorporated by reference herein and in the definition of "AGREEMENT" as though fully set forth herein. Any attachments to this AGREEMENT are an integral part of the AGREEMENT.

75. **Headings and Captions**. The headings and captions contained in this AGREEMENT are inserted for convenience and in no way define, limit, extend or describe the scope of this AGREEMENT or the intent of any provision thereof.

76. **Interim Stay of Proceedings**. Pending the FINAL APPROVAL HEARING to be conducted by the COURT, the PARTIES agree to hold in abeyance all proceedings in the

ACTION, affecting or relating to the PARTIES to this AGREEMENT, only, except such proceedings as are necessary to implement and complete the SETTLEMENT, or to comply with any order of the COURT, or as they relate to non-settling parties to the ACTION.

77. **Amendment or Modification**. This AGREEMENT may not be amended or modified in any respect except by a written instrument duly executed by all of the PARTIES to this AGREEMENT or their counsel, and approved by the COURT if amended subsequent to PRELIMINARY APPROVAL.

78. **Entire Agreement**. Except for the separate and conditional settlement of PLAINTIFF"S individual claims, this AGREEMENT and its Attachments constitute the entire agreement of the PARTIES with respect to the matters discussed herein, and no oral or written representations, warranties or inducements have been made to any PARTY concerning this AGREEMENT or its Attachments other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the PARTIES acknowledges that it has not relied on any promise, representation or warranty, express or implied, not contained in this AGREEMENT, except, in PLAINTIFF"s case, the settlement of his individual claims..

79. **Authorization to Enter into the AGREEMENT**. Each signatory to this AGREEMENT hereby warrants and represents that he or she has the authority to execute this AGREEMENT, thereby binding the respective PARTY to take all appropriate action required or permitted to be taken by the PARTIES pursuant to this AGREEMENT to effectuate its terms and to execute any other documents required to effectuate the terms of this AGREEMENT.

80. **Binding Effect of the AGREEMENT**. This AGREEMENT shall be binding upon, and inure to the benefit of, the PARTIES and their respective heirs, legal representatives, executors, administrators, successors, and assigns.

81.     **Choice of Law**. In determining the rights of the PARTIES hereto, this AGREEMENT shall be governed by, construed, and interpreted in accordance with the internal laws of the State of ARKANSAS, without regard to the conflict of laws principles thereof.

82.     **Counterparts**. This AGREEMENT may be executed in one or more counterparts, each of which shall be an original, provided that counsel for the PARTIES shall exchange among themselves original signed counterparts. This AGREEMENT is effective upon execution of at least one counterpart by each party to this AGREEMENT.

83.     **Representation by Counsel and Cooperation in Drafting**. All of the PARTIES acknowledge that they have been represented by counsel throughout all negotiations and in the execution of this AGREEMENT and that this AGREEMENT has been executed with the consent and advice of counsel. In addition, each of the PARTIES has cooperated in the drafting and preparation of this AGREEMENT. Hence, any rule which construes ambiguities against the drafter shall have no force or effect.

84.     **Invalidity of Any Provision**. If any provision of this AGREEMENT is held to be invalid, void or unenforceable, the remaining provisions nevertheless shall continue in full force and effect.

85.     **REPRESENTATIVE PLAINTIFF'S Waiver of Right to be Excluded and Object**. By signing this AGREEMENT, REPRESENTATIVE PLAINTIFF agrees to be bound by the terms herein, not to request to be excluded from the SETTLEMENT CLASS, and not to object to any of the terms of this AGREEMENT. Any such request for exclusion or objection by any of the REPRESENTATIVE PLAINTIFFS shall therefore be void and of no force or effect but shall not render the AGREMENT unenforceable.

86.     **Terminology and Construction**. All personal pronouns used in this AGREEMENT, whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the singular shall include the plural and *vice versa*.

87.     **Notices**. Any notices or other documents that must or may be transmitted to REPRESENTATIVE PLAINTIFF'S COUNSEL and/or to DEFENDANTS' COUNSEL,

pursuant to any section of this AGREEMENT, shall be transmitted to each of the following (i) via email; and (ii) either U.S. Mail or overnight courier at the sender's discretion. Any notices or other documents to be provided pursuant to the provisions in this AGREEMENT, shall be sent as follows:

**For Documents to DEFENDANTS' COUNSEL:**
Mark Mayfield
WOMACK PHELPS
PURYEAR MAYFIELD & McNEIL, P.A.
P.O. Box 3077
Jonesboro, AR 72403
Telephone (870) 932-0900
Fax (870) 932-2553

**For Documents to PLAINTIFFS' COUNSEL:**
Mark E. Merin
Paul H. Masuhara
Law Office of Mark E. Merin
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

88.     The PARTIES and all counsel acknowledge and agree that for the purposes of any claims, actions, and/or proceedings arising out of this AGREEMENT, notice provided to PLAINTIFF'S COUNSEL shall be deemed to be notice to the REPRESENTATIVE PLAINTIFF.

## XII.     <u>ATTACHMENTS</u>

**Attachment 1**: ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT

**Attachment 2**: CLASS NOTICE

**Attachment 3**: CLAIM FORM

Dated:  November 9, 2021                    PLAINTIFF & CLASS REPRESENTATIVE

19

_Danzel L. Stearns_

Danzel L. Stearns

Dated:          WOMACK PHELPS
PURYEAR MAYFIELD & McNEIL, P.A.

_____

Mark Mayfield

   Attorney for Defendants Inmate Services
Corporation and Randy L. Cagle, Jr.

Approved as to form and content:

Dated:          LAW OFFICE OF MARK E. MERIN

_____

Mark E. Merin

Attorney for Representative Plaintiff

and Class Members

_____

Danzel L. Stearns

Dated:

WOMACK PHELPS
PURYEAR MAYFIELD & McNEIL, P.A.

_____

Mark Mayfield

    Attorney for Defendants Inmate Services
Corporation and Randy L. Cagle, Jr.

Approved as to form and content:

Dated: 11/9/21

LAW OFFICE OF MARK E. MERIN

_____

Mark E. Merin

    Attorney for Representative Plaintiff

and Class Members

Dated: _____  PLAINTIFF & CLASS REPRESENTATIVE


             _____
             Danzel L. Stearns

Dated: December 6, 2021    WOMACK PHELPS
             PURYEAR MAYFIELD & McNEIL, P.A.

             _____
             Mark Mayfield
              *Attorney for Defendants Inmate Services*
              *Corporation and Randy L. Cagle, Jr.*


Approved as to form and content:

Dated: _____  LAW OFFICE OF MARK E. MERIN


             _____
             Mark E. Merin
              *Attorney for Representative Plaintiff*
              *and Class Members*